495 F.Supp. 120 (1980)
Robert M. BOWE, Sr., Plaintiff,
v.
The PULITZER PUBLISHING CO. et al., Defendants.
No. 79-241-C(3).
United States District Court, E. D. Missouri, E. D.
June 30, 1980.
*121 Donald M. Witte, Clayton, Mo., for plaintiff.
John H. Goffstein, Clayton, Mo., Michael P. Casey, St. Louis, Mo., Van Arkel, Kaiser, Gressman & Rosenberg, Washington, D. C., for defendants.

MEMORANDUM
FILIPPINE, District Judge.
This action, alleging breach of a collective bargaining agreement and of the duty of fair representation, is before the Court on the defendants' separate motions for summary judgment. The Court has jurisdiction pursuant to 29 U.S.C. § 185.
Plaintiff's complaint alleges that he is and was at all material times an employee of defendant Pulitzer Publishing Co. ("Pulitzer") and a member of defendant St. Louis Typographical Union No. 8 ("the Union") and International Typographical Union ("ITU"). Plaintiff also alleges that the collective bargaining agreement ("contract") in effect between the defendants between September 1, 1975 and August 31, 1978, and the subsequent agreement as well, established a Disability Income Plan for employees meeting certain medical requirements. Plaintiff further alleges that, pursuant to Section 16.00 of the contract, defendant Pulitzer also made available, from May 9 to October 1, 1978, certain voluntary Termination Incentives. Section 16.00 of the contract reads as follows: "16.00 Termination Incentives  It is agreed that the employer reserves the right to uniformly establish and offer, from time to time, termination incentives for employees with a job guarantee under age 65, who desire to voluntarily terminate."
Plaintiff, on or about July 10, 1978, allegedly attempted to apply for both the Termination Incentive and the Disability Income Plan due to new physical problems he was experiencing. Plaintiff alleges that, despite the fact that at least five other employees had received both types of benefits under previous Termination Incentive plans, plaintiff was informed by defendant Pulitzer that he would have to choose between the two benefits. Plaintiff thus claims that he has been discriminated against by defendant Pulitzer in violation of the "uniformly establish and offer" requirement of Section 16.00.
Plaintiff further alleges that he filed a grievance concerning the benefits programs with defendant Union on August 28, 1978. Plaintiff allegedly was informed that his grievance was denied by defendant Pulitzer and rejected by the two Union members of the Joint Standing Committee. Plaintiff contends that he has exhausted his administrative remedies within the Union, although the Union President advised him that he could appeal to defendant ITU pursuant to Article V, Section 27, of the 1978 ITU Book of Laws.
Defendant Pulitzer has moved for summary judgment on the ground that it had thrice previously offered Termination Incentives and that plaintiff alleges that the five employees identified in the complaint had elected one of the prior Termination Incentive plans. In addition, defendant Pulitzer has submitted an affidavit from its Director of Labor Relations, Mr. Kanne, stating that no employee who elected the fourth Termination Incentive plan, that at issue in this action, received disability income benefits in addition thereto. Mr. Kanne also states that defendant Union determined not to go to arbitration on plaintiff's grievance for the reason that the grievance was frivolous. Defendant Pulitzer argues that Section 16.00 requires only "that each plan must be uniformly offered, not that all plans should be identical."
At oral argument on the instant motions, the parties stipulated that the four Termination Plans referenced in plaintiff's complaint are set out as exhibits E, F, G, and D (in chronological order) to the plaintiff's supplemental affidavit and memorandum filed January 24, 1980. The Court observes that none of the plans or options listed therein makes any reference to the Disability *122 Income Plan. It was also stipulated at oral argument that the plaintiff has been receiving the benefits to which he is entitled under the Disability Income Plan since March, 1979, when he had exhausted his sick pay; plaintiff applied for the Disability Income Plan in August, 1978.
Defendant Union has moved for summary judgment on the ground, supported by the affidavit of its President, that plaintiff has not exhausted his right of appeal under the ITU Book of Laws, which defendant Union claims is incorporated into its own Constitution and By-Laws through Article XI, Section 5, of its Constitution. As an additional ground in support of its motion, defendant Union argues that because plaintiff has made no allegations of bad faith or arbitrariness, defendant Union cannot, as a matter of law, be held to have breached its duty of fair representation. The ITU has moved for summary judgment on the ground that it was not a party to the collective bargaining agreement at issue and that it owed the plaintiff no duty of fair representation. The ITU also argues that the plaintiff failed to exhaust his internal union remedies through an appeal to the ITU. The affidavit of the Union's president states that the ITU does not involve itself in the enforcement of collective bargaining agreements unless an appeal is taken pursuant to Article V of the ITU By-Laws, and that the plaintiff took no such appeal.
Plaintiff's response, by affidavit, to defendant Pulitzer's motion, is that no notice was ever published that there had been a change in policy or practice, under which employees could not choose both types of benefits; plaintiff also states that he is without sufficient information to contest defendant Pulitzer's assertion that no employee received both kinds of benefits under the fourth Termination Incentive. Plaintiff contends, in response to the Union's motion, that there were no appeal procedures available to him. In his supplemental affidavit in opposition to Pulitzer's motion for summary judgment, plaintiff states that defendant Pulitzer and the Union failed to comply with the procedures outlined in paragraphs 2.2 and 2.3 of the contract for the settlement of disputes.
The Court observes that, out of the mass of exhibits and affidavits that have been filed with the Court, one critical fact emerges: no employee who elected to take Termination Incentives under the fourth plan was allowed to take the benefits of the Disability Income Plan in addition thereto. This is established by the affidavits of Marvin Kanne filed January 25, 1980 and December 19, 1979. Plaintiff has not offered any contradictory evidence; indeed, he has not even alleged the contrary in his complaint. Even had he made such an allegation, it would have been incumbent upon him, pursuant to Fed.R.Civ.P. 56(e) and (f), to respond to Mr. Kanne's affidavits with an affidavit showing that there is a genuine issue concerning this fact, or to explain his inability to produce such an affidavit in response. Under the circumstances, the Court must accept as established the fact that no other employee was allowed to take both types of benefits under the fourth plan.
This fact is fatal to the plaintiff's action against defendant Pulitzer. Section 16.00 imposes no duty on defendant Pulitzer to offer termination incentives. The section merely reserves to defendant Pulitzer the right to do so. The only qualification on the right reserved is that any such incentives as may be offered "from time to time," must be "uniformly establish[ed] and offer[ed]." The Court agrees with defendant Pulitzer that it had no obligation to offer the same plans every time it chose to make incentives available. Nor did the section require that each time a plan was offered, it had to be offered in the same way.
Although, as was admitted by defendant Pulitzer at oral argument, at least one of the previous Termination Incentive plans had been offered to employees regardless of their election of disability benefits, nothing in the contract prevented the employer from offering the incentives on different terms on the fourth occasion. Obviously, defendant Pulitzer would not have complied *123 with the terms of the section had it offered the fourth plan to some employees who were also to receive disability benefits, but not to other such employees. However, such was not the case. Accordingly, the Court will grant defendant Pulitzer's motion for summary judgment.
For the same reasons, the Court holds that defendant Union and defendant ITU (if in fact the latter may be construed to have been a party to the agreement) were justified in declining to take the matter to arbitration or, as plaintiff in his supplemental affidavit contends, in refusing even to write to the Director of Labor Relations of defendant Pulitzer. A reading of Section 16.00 discloses that the plaintiff's grievance, that he should have been allowed both types of benefits because other employees had gotten both under previous Termination Incentive plans, was frivolous. The Union breached its duty of fair representation only if it exhibited "hostility or discrimination . . . [lack of] good faith and honesty . . . [or] arbitrary conduct." Smith v. Hussmann Refrigerator Co. & Local 13889, U. Steelworkers of America, 619 F.2d 1229 (8th Cir., 1980) (quoting Griffin v. International U., United Automobile, A. & A. I. W., 469 F.2d 181, 183 (4th Cir., 1972). On the undisputed facts, the Court concludes that such conduct cannot be shown. In fact, the Union had "an obligation in exercising its power as bargaining agent to act fairly under the collective bargaining agreement and not to assert or press grievances which it believe[d] in good faith [did] not warrant such action." Bazarte v. United Transportation Union, 429 F.2d 868, 872 (3d Cir., 1970).
Because the Union's decision not to press the plaintiff's grievance was fully justified, the Court will enter summary judgment for defendants Union and ITU as well as for defendant Pulitzer.