Robert M. BOWE, Sr., Appellant,

v.

The PULITZER PUBLISHING CO., St. Louis Typographical Union # 8, International Typographical Union, Appellees.

No. 80–1669.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1981.

Decided April 21, 1981.

Rehearing Denied May 15, 1981.

Bartley, Goffstein, Bollato & Lange, John H. Goffstein, Ronald C. Gladney, St. Louis, Mo., for appellees St. Louis Typographical Union No. 8.

Donald M. Witte, Clayton, Mo., for appellant.

Evans, Hoemeke, Casey & Daly, Michael P. Casey, St. Louis, Mo., for appellee The Pulitzer Pub. Co.

Ronald Rosenberg, Jeffrey Freund, Van Arkel, Kaiser & Rosenberg, Washington, D. C., for defendant-appellee Intern. Typographical Union.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

This is an appeal from two orders of the United States District Court for the Eastern District of Missouri, 495 F.Supp. 120. We have carefully reviewed the record and counsel's briefs and are in accord with the findings and conclusions of the district court. Accordingly, we affirm its orders.

Robert M. Bowe, Sr., was an employee of the Pulitzer Publishing Company and a member of the International Typographical Union and its St. Louis Local No. 8. In 1978, Bowe retired and sought disability benefits and termination incentive benefits from the Company. The Company responded to Bowe's request by stating that he had to elect either the termination incentive benefits or the disability benefits; he could not secure both. The Company told Bowe that the Fourth Termination Incentive Plan (the plan under which he applied) did not

permit applicants to secure both benefits under that plan as well as disability benefits. Thereafter, Bowe filed a grievance with his local union. The local processed Bowe's grievance through its internal channels. The local had also approached the Company informally, seeking to convince it to alter its position. The local's attempts were not successful. Thereupon, the local's Joint Standing Committee, after a thorough review of the grievance, reported at one of the local's meetings that it determined Bowe's grievance was without merit and not worthy of further action. The question was put to a vote, and a majority of the voting membership concurred in the determination of the Joint Standing Committee. Accordingly, Bowe's claim was not taken to arbitration. Bowe was advised of his right to appeal the decision of the local to the International Union. He did not pursue an appeal.

Bowe then filed suit in the Circuit Court of the City of St. Louis, Missouri, alleging, essentially, that the Company breached its collective bargaining agreement, and that the local and International Union failed to fairly represent him in his grievance with the Company. The defendants removed the case to federal court.[1] All the defendants moved for summary judgment, and after a full hearing, the district court granted the defendants' motions. Bowe's subsequent motion to amend the court's summary judgment order was denied.

The collective bargaining agreement provided that the Company "reserved the right to uniformly establish and offer, from time to time, termination incentives for employees with a job guarantee under age 65, who desire to voluntarily terminate."

■ The uncontradicted evidence sustains the trial court's findings that Bowe

sought benefits under the Company's Fourth Termination Incentive Plan. That plan, however, did not permit applicants to receive both incentive termination benefits and disability benefits. Under that plan, the employee had to elect one or the other. Moreover, any Incentive Termination Plan could be offered by the Company solely at its discretion. The only limitation imposed upon the Company was that it implement the plan uniformly. Here, the trial court determined that "no employee who elected to take termination incentives under the fourth plan was allowed to take the benefits of the Disability Income Plan in addition thereto." This finding was not contradicted by Bowe.

The trial court correctly concluded that the Company had no obligation to offer the same plan each time it decided to implement one. The district court reasoned that the fact that an earlier plan permitted applicants to receive both termination and disability benefits was not relevant to Bowe's application under the present plan.

Bowe claims that the Company's Disability Income Plan permits him to secure "any benefits" otherwise available to him through any other Company plan, specifically those benefits for which he qualifies under the Fourth Termination Incentive Plan. Bowe bases his argument on section IV(2) of the Company's Statement of Policy on Disability Benefits. That section provides:

> any benefits other than pensions applicable under company policy to employees who retire under the provisions of the Plan shall be extended to employees granted disability benefits hereunder.

The district court determined that Bowe's construction of section IV(2) of the Compa-

1. After extensive proceedings, and after all defendants' motions for summary judgment had been heard and taken under advisement by the district court, Bowe sought leave to file an amended complaint. Bowe's amended complaint raised, for the first time, claims arising under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (1976); the

Labor Management Relations Act, 29 U.S.C. § 158 (1976); and the Due Process Clause of the United States Constitution. The trial court denied Bowe leave to file the amended complaint without prejudice. This order was not appealed. Bowe may not now raise these questions, for the first time, in this appeal.

ny's Disability Plan stretched "the word 'benefits' beyond recognition * * *." We agree. Moreover, the uncontroverted fact is that the word "benefits" in section IV(2) of the Disability Plan has always denoted health insurance benefits; the word is essentially a term of art.

Finally, we agree with the district court that the local and International Unions did not breach their duty of fair representation by failing to pursue Bowe's grievance to arbitration. A union is not required to take every grievance to arbitration. Where a union determines, in good faith, that a particular grievance lacks merit, it does not breach its duty of fair representation when it fails to take that grievance to arbitration. *See Vaca v. Sipes*, 386 U.S. 171, 190–195, 87 S.Ct. 903, 916–19, 17 L.Ed.2d 842 (1967); *Bond v. Local 823, Int'l Brotherhood of Teamsters*, 521 F.2d 5, 9 (8th Cir. 1975); *see also Buchanan v. N.L. R.B.*, 597 F.2d 388, 394 (4th Cir. 1979); *Bazarte v. United Transportation Union*, 429 F.2d 868, 872 (3d Cir. 1970).